IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ L. FRANKLIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DAVID LOUTHAN, Warden, ) <br> ) <br> Respondent. ) | Case No. CIV-12-865-SLP |

**O R D E R**

Before the Court is the Motion for Leave to Proceed FRCP 60(a)(b)(4) [Doc. No. 43] filed by Petitioner Cortez L. Franklin, appearing pro se. Petitioner previously filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, raising seven grounds for relief. The matter was referred to a Magistrate Judge who entered a Report and Recommendation [Doc. No. 23] (R.&R.) recommending the Petition be denied as to all seven grounds. The Court adopted the R.&R., denied the Petition and entered Judgment in favor of Respondent. *See* Order [Doc. No. 25] and Judgment [Doc. No. 26].[1] The Court further denied Petitioner's motion for reconsideration. *See* Order [Doc. No. 30]. Petitioner then filed an appeal as to three of his seven claims and the Tenth Circuit denied a certificate of appealability. *See* Order [Doc. No. 41].

More than a decade has passed since the Tenth Circuit's ruling. Petitioner now claims that the Magistrate Judge did not apply the correct legal standard in issuing the

---

[1] District Judge Stephen P. Friot originally presided over this case. It was transferred to the undersigned on October 29, 2025. *See* Order [Doc. No. 44].

R.&R.  He appears to address his prior claim raised in Ground Six of the Petition, that he was denied, at trial, a jury comporting with constitutional standards.  But he now also purports to challenge whether the grand jury returning his indictment was selected in a manner comporting with constitutional standards – a new claim not previously raised.

Although Petitioner frames his filing as a motion brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, upon review, Petitioner is attempting to bring a second or successive habeas petition.  *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006).  As the Supreme Court has explained, "a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) (filed, obviously, after the judgment has issued) counts as a second or successive application if that filing 'attacks the federal court's previous resolution of a claim on the merits' or 'seeks to add a new ground for relief' not addressed by the judgment."  *Rivers v. Guerrero*, 605 U.S. 443, 453 (2025) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (emphasis deleted)).  The Court, therefore, construes Petitioner's motion as a § 2254 petition.

Before filing a second or successive habeas petition, a petitioner must obtain authorization from the Tenth Circuit.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Nothing in the record before the Court demonstrates that Petitioner has obtained such prior authorization.  Accordingly, the Court lacks jurisdiction over Petitioner's second or successive habeas petition.  *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of

a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

The Court may transfer the matter to the Tenth Circuit if it is in the interests of justice to do so. *Spitznas*, 464 F.3d at 1217; 28 U.S.C. § 2244(b). But here, the Court finds it is not in the interest of justice to transfer the matter. To the extent Petitioner's Rule 60(b) Motion presents claims that were raised in his first petition, the claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). And with respect to any new claims, Petitioner has not identified the existence of a new rule of constitutional law made retroactive or that the factual predicate of his claim could not have been discovered previously through the exercise of due diligence. *See* 28 U.S.C. § 2244(b)(2). Nor does it appear that any new claims have been timely filed. *See* 28 U.S.C. § 2244(d) (providing that a § 2254 petition is typically time-barred unless filed within one year after the judgment of conviction becomes final). As noted, more than ten years have passed since the Court ruled on Petitioner's initial Petition. Accordingly, the Court finds dismissal, rather than transfer, is appropriate.

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to Proceed FRCP 60(a)(b)(4) [Doc. No. 43] is DISMISSED without prejudice for lack of jurisdiction; a certificate of appealability is DENIED;[2] and a separate judgment of dismissal shall be

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court finds the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong.").

entered.

    IT IS SO ORDERED this 27th day of February, 2026.

                                                              SCOTT L. PALK  
                                                              UNITED STATES DISTRICT JUDGE